IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RICHARD WILLIAM PAYNE, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:15-CV-340-O |
| § | (Consolidated with Nos. 4:15-CV-342-O, |
| WILLIAM STEPHENS, Director, § | 4:15-CV-346-O, 4:15-CV-347-O, |
| Texas Department of Criminal Justice, § | 4:15-CV-348-O, 4:15-CV-349-O, and |
| Correctional Institutions Division, § | 4:15-CV-350-O) |
| Respondent. § | |

## OPINION AND ORDER

Before the Court are seven petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Richard William Payne, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petitions should be dismissed as time-barred.

## I. BACKGROUND

Petitioner was charged and convicted in Tarrant County, Texas, with one or more counts of possession and promotion of child pornography, indecency with a child, sexual assault of a child, sexual performance by a child, and aggravated sexual assault of a child under 14 for offenses occurring in 1988, 1989 and 1991. In three separate trials, Petitioner was convicted of the offenses. A TDCJ "Interoffice Office Communications" to Petitioner, dated June 19, 2013, sheds light on the time credits TDCJ has awarded Petitioner:

A review of your records shows that you were issued the following time credits:

PROMOTION OF CHILD PORN cause # 0449537, 10 yrs, 2382 days credit, SBD[1]

---

[1] The Court presumes "SBD" means sentence begin date.

08-25-91
AGG SEX ASLT CHILD cause# 0476935R Count 1, 20 yrs, 1745 days credit, SBD 05-25-93
SEXUAL ASLT CHILD cause# 0450645D, 20 yrs, 1744 days credit, SBD 05-24-93
POSS CHILD PORN cause# 0449536D, 10 yrs, 2399 days credit, [SBD] 08-08-91
AGG SEX ASLT CHILD cause# 0476935R Count 2, LIFE, 1745 days credit, SBD 05-25-93
AGG SEX ASLT CHILD cause# 0382321D, LIFE, 1583 days credit, SBD 08-05-00
AGG SEX ASLT CHILD cause# 0383212D Count 1, LIFE, 1740 days credit, SBD 05-30-93
INDECENCY W/CHILD cause# 0383212D Count 2, 15 yrs, 1588 days credit, SBD 05-28-93
SEX PERFORM CHILD cause# 0476936D, 20 yrs, 1316 days credit, [SBD] 02-23-94

Eight of your convictions are cumulative and only Cause #476936D is concurrent. A review of your records at this time shows that you are currently serving LIFE sentence (cause# 0383212D CT1) and the next conviction will not commence until . . . this sentence is completed either by parole or discharge.

Adm. R., WR-45,701-13 CR 13, ECF No. 45-17.

Petitioner complains that TDCJ is not applying the correct sentence begin dates in calculating his sentences to allow him credit for time spent in jail prior to his convictions and that it's records incorrectly reflect his plea in one case. Pets. 6, ECF Nos. 1. In the state habeas proceedings, Respondent provided the affidavit of Charley Valdez, program supervisor of TDCJ's Classification and Records Department, providing–

> Offender Payne was received into TDCJ custody on 8-4-1992 from Tarrant County and was convicted by the 372nd District Court for the follows:
>
> ➢ Sexual Performance by Child, under cause number 0476936D, and sentenced to 20-years. Offender Payne was convicted for an offense occurring on 6-30-1989, with sentencing on 5-26-1992, and sentence to begin on 5-20-1992.
>
> ➢ Possession Child Pornography, under cause number 0449536D, and sentenced to 5-years. Offender Payne was convicted for an offense occurring on 7-31-1991, with sentencing on 10-11-1991, with sentence to begin on 8-8-1991.

2

- Promotion Child Pornography, under cause number 0449537D, and sentenced to 3-years. Offender Payne was convicted for an offense occurring on 7-31-1991, with sentencing on 10-11-1991, with sentence to begin on 8-25-1991.

- Sexual Assault of a Child, under cause number 0450645D, and sentenced to 14-years. Offender Payne was convicted for an offense occurring on 7-27-1991, with sentencing on 10-11-1991, and sentence to begin on 8-15-1991.

- Aggravated Sexual Assault of Child, under cause number 0476935R, and sentenced to 65-years. Offender Payne was convicted for an offense occurring on 6-1-1989, with sentencing on 5-26-1992, with sentence to run consecutive to cause number 0450645D, with 275-days of pre-sentence jail credit.

- Aggravated Sexual Assault of Child, under cause number 0383212D, and sentenced to 65-years. Offender Payne was convicted for an offense occurring on 8-15-1988, with sentencing 5-26-1992, with sentence to run consecutive to cause number 0450645D, with 271-days of pre-sentence jail credit.

- Aggravated Sexual Assault of Child, under cause number 0382321D, and sentenced to 65-years. Offender Payne was convicted for an offense occurring on 6-30-1989, with sentencing on 5-26-1992, with sentenced [sic] to run consecutive to cause number 0450645D, with 271-days of pre-sentence jail credit.

The above sentences were reversed and remanded by the Second Court of Appeals of Texas for new trial.

Offender Payne was returned by bench warrant to Tarrant County on 3-22-1994, and was released on "bond" on 6-13-1994.

Offender Payne was re-sentenced by the 372nd District Court, and returned to TDCJ custody on 1-14-1998 for the following:

- Aggravated Sexual Assault, under cause number 0382321D (count I), and Indecency W/Child/Contact (count II). Offender Payne was sentenced to Life on count I, and 15 years on Count II. Offender Payne was sentenced on 10-1-1997, with 1588 days of pre-sentence jail credit; sentence to begin on 5-27-1993. Count II discharged on 5-26-2008.

- Sexual Performance by Child, under cause number 0476936D, and received a 20-year sentence. Offender Payne was sentenced on 10-1-1997, with 1316

      days of pre-sentence jail credit; sentence to begin on 2-23-1994. This sentence discharged on 2-23-2004.

Offender Payne was returned by bench warrant to Tarrant County on 2-24-1998.

Offender Payne was sentenced by the 372nd District Court, and returned to TDCJ custody on 5-7-1998 for the following:

➢     Possession Child Pornography, under cause number 0449536D, and sentenced to 10-years. Offender Payne was sentenced on 3-3-1998, with sentence ordered to run consecutive to cause number 0382321D, count I, with 1752-days of pre-sentence jail credit.

➢     Promotion Child Pornography, under cause number 0449537D, and sentenced to 10-years. Offender Payne was sentenced on 3-3-1998, with sentence ordered to run consecutive to cause number 0382321D, count I, with 1735-days of pre-sentence jail credit.

➢     Sexual Assault of a Child, under cause number 0450645D, and sentenced to 20-years. Offender Payne was sentenced on 3-3-1998, with sentence ordered to run consecutive to cause number 0382321D, count I, with 1744-days of pre-sentence jail credit.

➢     Indecency W/Child/Contact, under cause number 0476935R (count I), and Aggravated Sexual Assault of a Child (count II). Offender Payne was sentenced to 20-years on Count I, and Life on Count 2. Offender Payne was sentenced on 3-5-1998, with sentences ordered to run consecutive to cause number 0449536D, 0449537D, and 0450645D, with 1745-days of pre-sentence jail credit.

➢     Aggravated Sexual Assault, under cause number 0383212D, and sentenced to Life. Offender Payne was sentenced on 3-5-1998, with sentence ordered to run consecutive to cause number 0449536D, 0449537D, and 0450645D, with 1740-days of pre-sentence jail credit.

When an offender has consecutive sentences, the second sentence will begin when the first sentence ceases to operate. A sentence "ceases to operate" when it is served out in full day-for-day or on the date a parole panel designates as the date the offender would have been released to parole but for the second sentence. Texas Government Code § 508.150(b), *Ex parte Cowan,* 171 S.W.3d 890 (Tex. Crim. App. 2005), *Ex parte Kuester,* 21 S.W.3d 264 (Tex. Cr. App. 2000).

Offender Payne was reviewed by the Board of Pardons and Paroles on 3-12-2007, 11-

4

>   18-2010, and 7-3-2014 and was denied release to parole, with a current next review date of 6-2017.
>
>   Offender Payne's time was adjusted on 1-30-2014, and the sentence begin date on cause number 0382321D was changed from 8-5-2000 to 5-27-1993.
>
>   **Offender Payne's sentence in cause number 0382321D was adjusted on the computer to show that Offender Payne had plead "not guilty" before the court.**
>
>   Pursuant to Texas Government Code § 501.0081, this office received a Time Dispute Resolution Form from Offender Payne on 7-11-2012, and incorrectly responded on 7/27/2012 that there was no error in his current time calculations.

Resp't's Answer, Ex. D, ECF No. 25-4 (emphasis in original).

Petitioner has filed at least three prior federal habeas petitions in this Court challenging his convictions and/or his pretrial jail time credit as to one or more of his sentences. Findings at 2 & 9, Payne v. Cockrell, Civil Action No. 4:00-CV-1811-Y, ECF No. 20; Pet. at 1, Payne v. Cockrell, Civil Action No. 4:01-CV-867-A, ECF No. 1; Pet. at 2, Payne v. Cockrell, Civil Action No. 4:02-CV-106-A, ECF No. 1. Respondent asserts that the instant petitions are all time-barred, that two are successive, and that one is moot. Resp't's Answer 1, ECF No. 25. Because the Court finds the petitions are time-barred, only the issue of limitations is addressed.

## II. DISCUSSION

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

>   (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created

5

>by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner acknowledges that he is not challenging his convictions and "has merely filed these § 2254s for purposes of correcting his sentence begin dates (SBD) on each of his seven convictions." Pet'r's Mot. for Objection 1, ECF No. 31. Thus, subsection (A) is inapplicable. And, Petitioner makes no allegations that the Supreme Court has announced a new rule(s) applicable to his claims under subsection (C). Instead, in an effort to trigger subsections (B) or (D), Petitioner asserts he was "'prevented from filing an application by State action' because [he] was not apprised of the latest state action before receipt of . . . [a] TDCJ-CID issued time-slip on Jul 02, 2012," reflecting incorrect sentence begin dates. Pet'r's Mot. 1, ECF No. 50. He claims he first became aware that TDCJ was applying incorrect sentence begin dates after receiving a February 17, 2010, time-slip and that he first became aware of the "more flagrant SBD errors after having been reclassified at the Goree Unit en route to the Michael Unit and arriving [t]here on July 02, 2012," where he received an updated time-slip(s). He claims that "at some time between that date of issuance (2010) and petitioner's arrival (transfer) to the Michael Unit someone unknown on the re-classification board made an erred [sic]

state action that unconstitutionally stole approximately 9 years of petitioner's flat incarceration time." Finally, he claims that he was apprised of additional errors in his sentence begin dates from a time-slip in 2014 and the April 9, 2014, affidavit of Charley Valdez, *supra*. According to Petitioner, TDCJ "time-slips are not routinely issued without a request, and requests are limited to once each 6 months." Thus, Petitioner urges that the limitations period was triggered by the issuance date of the July 2, 2012, time-slip and that since then he has diligently pursued his administrative, state and federal remedies. Pet'r's "Jurisdiction-Opening Statement 1-5, ECF No. 34.

Petitioner provides no proof of unconstitutional state action for purposes of triggering subsection (B). Therefore, under subsection (D), applicable to this case, the limitations period began to run on the date on which the factual predicate of his claims could have been discovered through the exercise of due diligence. Assuming, without deciding, that Petitioner could not have discovered the factual predicate of his claims prior to July 2, 2012, as he alleges, his federal petitions were due on or before July 2, 2013, absent any tolling. His administrative remedy, pending 17 days, tolled the limitations period until July 19, 2013. *Stone v. Thaler,* 614 F.3d 136, 138-39 (5th Cir. 2010). However, his state habeas applications filed on January 2, 2015, after limitations had already expired, did not operate to toll the limitations period.

Nor has Petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013) (referencing 28 U .S.C. § 2244(d)(1)); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner

7

complains that it took him and his sister over a year to accumulate the "'original' judgment documents" proving his actual sentence begin dates. However, difficulty obtaining records is a common problem for inmates seeking postconviction relief. Petitioner has failed to show that he was prevented in some extraordinary way from asserting his rights. Equity is not intended for those who sleep on their rights. *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001) (quoting *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989)).

In summary, Petitioner's federal petitions were due on or before July 19, 2013. Therefore, his petitions filed on January 2, 2015, were filed beyond the limitations period and are untimely.

### III. CONCLUSION

For the reasons discussed herein, the petitions of Petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 4th day of April, 2016.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE